# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SANTIAGO JIMMY DELEON, JR.,
CDCR #BI-0827,

                            Plaintiff,

           vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; CALIFORNIA
CORRECTIONAL HEALTH
SERVICES; JULIO COLON, Cook
Supervisor; ERICA GOYAL, Health Care
Physician; VICTOR WARDROPE,
Supervising Correctional Cook,

                     Defendants.

Case No.:  3:20-cv-00791-AJB-BGS

**ORDER**

**1)  GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2];**

**2) DISMISSING DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b);**

**AND**

**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS COLON AND WARDROPE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**

      Santiago Jimmy DeLeon ("Plaintiff"), an inmate at Richard J. Donovan State Prison ("RJD") in San Diego, California, filed this civil rights action pursuant to 42

U.S.C. Section 1983.  (*See* Compl., ECF No. 1.)  Plaintiff's Complaint centers on unsafe working conditions in the prison's kitchen that Plaintiff alleges contributed to an incident during which his toe was crushed by a metal jack loaded with frozen food.  (*See id.* at 4.)  Plaintiff alleges that prison officials were deliberately indifferent to his medical needs following the incident and that he received inadequate medical care.  (*See id.*  at 7-8.)  Additionally, Plaintiff contends that he was repeatedly retaliated against for using the grievance process to obtain protective equipment, improved working conditions, and medical care, among other things.  (*See id.* at 5-6, 8, 10-11.)

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead filing a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (*See* ECF No. 2.)

## I.     Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF No. 3, at 1-4.) These documents show that Plaintiff carried an average monthly balance of $272.86, average monthly deposits to his trust account for the six months preceding the filing of this action of $199.89, and an available balance of $253.78 at the time of filing. (*See id.* at 1.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $54.57 pursuant to 28 U.S.C. Section 1915(b)(1). The Court directs the Secretary of the CDCR, or his designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28

U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  The Court further directs the Secretary of the CDCR, or his designee, to collect the remaining $295.43 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

## II.   Initial Screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A

A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil

rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

B. Factual Allegations

Plaintiff reported for work in the prison kitchen in the early morning on August 27, 2019.  (*See* FAC at 4.)  Approximately two weeks earlier, a doctor in the prison, Defendant Erica Goyal, ordered that Plaintiff was not to lift any heavy objects, bend, or squat, and also ordered that Plaintiff wear orthopedic shoes at all times.  (*See id.* at 4, 7.)  Although the Complaint is somewhat unclear, Plaintiff appears to allege that Defendant Goyal failed to enter these restrictions into a computer system that tracks prisoner's medical restrictions.  (*See id.* at 9.)  After arriving for work on August 27, Plaintiff gave Defendant Julio Colon, the kitchen supervisor, a form reflecting his medical restrictions.  (*See id.*)  Colon told Plaintiff that he "would be giv[ing] no recognition to [Plaintiff's medical] form because it" was not visible in the computer system.  (*See id.*)  When Plaintiff objected to performing work "against medical orders," Colon threatened to "writ[e] up" Plaintiff.  (*See id.*)

Despite Plaintiff's objections, Defendant Colon ordered Plaintiff to load and unload rolling jacks laden with fifty-pound boxes of frozen food.  (*See id.*)  Around 7:00 AM, Plaintiff, another inmate, and Defendant Colon finished loading a jack with 300

pounds of vegetables.  (*See id.* at 4.)  Plaintiff "attempted to pull the jack slowly out of the freezer . . . ."  (*See id.*)  Colon, however, "recklessly shoved the load" before Plaintiff could react, and it "crushed [his] soft toe boot breaking [his] toe on impact."  (*See id.* at 5.)  Plaintiff alleges that because Colon told him to wait to seek care, he had to sit "in physical anguish mental stress or duress" for several hours before receiving medical care after his injury.  (*See id.* at 10.)  This pain was exacerbated by Plaintiff's foot swelling in the undersized boots he had been issued when he arrived at RJD.  (*See id.* at 10.)  The timing and precise context is unclear, but Plaintiff also alleges that Defendant Colon "threat[ened] to carry out harm to [Plaintiff] . . . ."  (*See id.* at 10.)  Plaintiff contends that Defendant Colon is liable for "caus[ing] [Plaintiff's] injury, pain with suffering and mental duress."  (*Id.* at 5.)  Additionally, Plaintiff alleges that the CDCR is liable "for the pain and suffering mental and physical" that resulted from his injury and for the "fail[ure] to ensure a safe environment" by not providing protective equipment, including steel-toed boots "[p]er OSHA standards and regulations . . . ."  (*See id.* 4-5.)

After Plaintiff's injury, Defendant Goyal, who is a doctor, oversaw his treatment.  (*See id.* at 7.)  Plaintiff alleges that this treatment was inadequate for several reasons.  First, Plaintiff alleges that rather than receive the Tylenol prescribed by Defendant Goyal, he was given Ibuprofen, which he cannot take due to potential complications with his Hepatitis C.  (*See id.* at 7-8.)  Second, Plaintiff had to wait two days to be moved from the top tier of the prison to the lower tier, which required him to move up and down stairs several times each day, causing pain and discomfort.  (*See id.* at 8.)  Third, Plaintiff alleges that for at least a month he did not receive the orthopedic shoes Defendant Goyal directed that he wear.  (*See id.* at 7.)  In addition to these post-injury issues, Plaintiff alleges that Defendant Goyal is liable for "not doing her job correctly" by entering the information regarding Plaintiff's medical restrictions into the computer system that tracks such restrictions.  (*See id.*)  If those restrictions were properly entered, Plaintiff alleges, he would not have been injured.  (*See id.* at 7, 9.)

Following these incidents, Plaintiff evidently filed several prison grievances

regarding the health care he received, the job(s) he was assigned, and the equipment he was provided for the work he performed.  (*See id.* at 6.)  Plaintiff alleges that he has repeatedly been retaliated against for these efforts.  (*See id.*)  Specifically, Plaintiff contends he was "twice thrown in Ad-Seg" and denied the ability to attend his wedding. (*See id.*)  Plaintiff also recounts an incident in which "a supposed weapon" was planted in his cell on the same day that one of Plaintiff's administrative appeals was denied.  (*See id.*)  Plaintiff further contends that Defendant "Health Care Corrections has continued to falsify or deflect my complaints" by stating that "no harm was done" to Plaintiff as a result of being given Ibuprofen rather than Tylenol.  (*See id.* at 8.)  Finally, Plaintiff describes a somewhat confusing incident in which "Health Care Corrections supplied a false document into the investigation . . . by providing a medical document of a[n] Inmate or Patient Steven Michael Gutierrez who for the reason his injury is documented as 'not a work related injury.'"  (*See id.* at 8.)  This document evidently became a part of the record through the actions of Defendant Victor Wardrope, who Plaintiff states "investigate[d] [Plaintiff's] 602 appeal . . . against C.D.C.R. and corrections kitchen staff."  (*See id.* at 11.)  Although Plaintiff provided evidence to Defendant Wardrope to support his appeal, Wardrope did not present this evidence.  (*See id.*)  Additionally, Wardrope allegedly knew that "Mr. Julio Colon was making threats of violence and harm or retali[a]tory actions upon [Plaintiff]" both because he was told by other inmates and because he heard Colon make similar statements.  (*See id.*)  Plaintiff alleges that Wardrope is liable for "conspir[ing] to provide false documentation in deliberate indifference and is also responsible for training his staff inmates and proper P.P.E. and training, creating an unsafe work environment, and due process violation of [Plaintiff's] 602."  (*See id.*)

Plaintiff seeks an injunction preventing Defendants from taking "retali[a]tory actions on [Plaintiff] and that C.D.C.R. provide steel toe boots and proper P.P.E. and proper training in work areas."  (*See id.* at 13.)  Additionally, Plaintiff seeks compensatory and punitive damages.  (*See id.*)  The CDCR and California Correctional

Health Care Services are sued only in their official capacities, while Defendants Colon, Goyal, and Wardrope are sued in both their individual and official capacities.  (*See id.* at 2-3.)

C. <u>Analysis</u>

As an initial matter Plaintiff's claims against two entities, the CDCR and California Correctional Health Services, must be dismissed.  The CDCR and California Correctional Health Services are not "persons" subject to suit under Section 1983 and are entitled to immunity from suit for monetary damages under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993)); *see also Dragasits v. California*, No. 3:16-cv-01998-BEN-JLB, 2016 WL 680947, at *3 (S.D. Cal. Nov. 15, 2016) ("The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983." (citing *Groten*, 251 F.3d at 851)); *Bridgeman v. Education Dep't*, No. 11-cv-0387-JLS-CAB, 2011 WL 2532413, at *1 (S.D. Cal. June 24, 2011) (dismissing claims against the "Education Department" and the "Law Library" of RJD because they are not "persons" and are immune from suit under the Eleventh Amendment).   Accordingly, Plaintiff's claims against these Defendants are dismissed sua sponte for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Plaintiff's claims against Defendant Goyal must also be dismissed.  Prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "Deliberate indifference 'may appear when prison official deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).  "A prison official acts with 'deliberate indifference . . . only if the [prison

official] knows of and disregards an excessive risk to inmate health and safety.'"
*Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)).  "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'"  *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc))  Although it may have been negligent for Defendant Goyal not to enter Plaintiff's medical restrictions or "DME 'Disability Medical Equipment' info" into a computer system, Plaintiff has not alleged facts sufficient to show that these failures rose to the level of deliberate indifference.  (*See* FAC at 7.)  Plaintiff's allegation that he received Ibuprofen after his injury rather than the Tylenol that Defendant Goyal prescribed do not state a claim of deliberate indifference either.  Plaintiff does not allege that Defendant Goyal was involved in the distribution of the wrong medication or that she otherwise caused Plaintiff to receive Ibuprofen rather than Tylenol.  On the contrary, Plaintiff alleges that Defendant Goyal prescribed the correct medication, which "for some unknown reason was not distributed to me . . . ." (FAC at 7.)  The same is true of Plaintiff's allegations that he did not receive orthopedic shoes prescribed by Defendant Goyal.  (*See id.*)  Likewise, Plaintiff does not allege that Defendant Goyal caused or was otherwise responsible for the delay in his transfer from the top tier to a lower tier of the prison.  (*See id.* at 8.)   As a result, Plaintiff's claims against Defendant Goyal are dismissed sua sponte for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

As currently pleaded, the Court finds that Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state claims against Defendants Colon and Wardrope

that are "plausible on [their] face," *Iqbal*, 556 U.S. at 678, and, therefore, are sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b).  *See Wilhelm*, 680 F.3d at 1123; *see also Estelle*, 429 U.S. at 104 (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Colwell*, 763 F.3d at 1066 ("Deliberate indifference 'may appear when prison official deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988))); *Henry A. v. Willden*, 678 F.3d 991, 1001 (9th Cir. 2012) ("[I]gnoring the instructions of a treating physician . . . can amount to deliberate indifference . . . ."); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) ("Eighth Amendment is implicated in the prison work context . . . when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'"  (quoting *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam) (alterations in original)); *cf. Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (false accusations against a prisoner in retaliation for exercise of constitutional rights may state First Amendment retaliation claim); *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995) (prison officials were deliberately indifferent when they ordered inmates to work in asbestos-filled attic for 45 hours without protective equipment).  Therefore, the Court will order the U.S. Marshal to effect service upon Defendants Colon and Wardrope on Plaintiff's behalf.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

\\\

## III.     Conclusion and Orders

For the reasons discussed, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

4)     **DISMISSES** Plaintiff's claims against Defendants CDCR, California Correctional Health Services and Goyal in their entirety sua sponte for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and **DIRECTS** the Clerk to terminate Defendants CDCR, California Correctional Health Services, and Goyal as parties to this action;

5)     **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants Colon and Wardrope and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where these Defendants may be served*, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6)      **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Colon and Wardrope as directed by Plaintiff on the USM Form 285 provided to him.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7)      **ORDERS** Defendants Colon and Wardrope, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

8)      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service.  *See* S.D. Cal. Civ. L.R. 5.2.  Any document received by the Court which has not been properly filed

\\\
\\\
\\\
\\\
\\\
\\\
\\\

with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated:  July 2, 2020

Hon. Anthony J. Battaglia
United States District Judge