UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO JIMMY DELEON, JR., CDCR #BI-0827,<br><br>    Plaintiff,<br><br>vs.<br><br>JULIO COLON; VICTOR WARDROPE,<br><br>    Defendants. | Case No.: 3:20-cv-00791-AJB-BGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FREEDOM OF ASSOCIATION, DUE PROCESS, AND OFFICIAL CAPACITY DAMAGES CLAIMS**<br><br>**(ECF No. 7)** |

Santiago Jimmy DeLeon ("Plaintiff"), an inmate at Richard J. Donovan State Prison ("RJD") in San Diego, California, is proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* Compl., ECF No. 1.) Plaintiff alleges that Defendants Colon and Wardrope violated his constitutional rights in connection with an incident during which Plaintiff's toe was crushed by a metal jack loaded with frozen food while working in the prison kitchen. (*See id.* at 4.)

Currently before the Court is Defendants' motion to dismiss some, but not all, of Plaintiff's claims. (*See generally* ECF No. 7.) Specifically, Defendants move to dismiss Plaintiff's freedom of association, due process, and damages claims against Defendants in their official capacity for failure to state a claim. (*See id.* at 2.) Plaintiff has filed an

opposition and Defendants have filed a reply. (*See* ECF Nos. 9, 11.) Having carefully considered Plaintiff's Complaint and the parties' briefs, Defendants' motion to dismiss Plaintiff's freedom of association, due process, and official capacity claims is **GRANTED**.

## I.   Background

### A. Plaintiff's Allegations

Plaintiff reported for work in the kitchen at RJD on the morning of August 27, 2019. (Compl. at 4.) Plaintiff's doctor had previously ordered Plaintiff not to lift any heavy objects, bend over, or squat, and also ordered him to wear orthopedic shoes. (*See id.* at 4, 7.) These restrictions may not have been entered into the prison's computer system for tracking such orders. (*See id.* at 9.) Nevertheless, Plaintiff alleges that he gave his supervisor, Defendant Colon, a form reflecting the medical restrictions. *See id.*) Colon told Plaintiff that he "would be giv[ing] no recognition to [Plaintiff's medical] form because it" was not visible in the computer system. (*See id.*) When Plaintiff objected to performing work "against medical orders," Colon threatened to "writ[e] up" Plaintiff. (*See id.*)

Despite Plaintiff's objections, Colon ordered Plaintiff to load and unload rolling jacks loaded with several fifty-pound boxes of frozen food. (*See id.* at 4.) Around 7:00 AM, Plaintiff, another inmate, and Defendant Colon loaded a jack with 300 pounds of vegetables. (*Id.*) As Plaintiff "attempted to pull the jack slowly out of the freezer," Defendant "recklessly shoved the load," and before Plaintiff could react, it "crushed [his] soft toe boot breaking [his] toe on impact." (*Id.* at 5.)

Plaintiff alleges that Colon told him to wait to seek care, and Plaintiff allegedly sat "in physical anguish mental stress or duress [sic]" for several hours before he received medical care. (*Id.* at 10.) Plaintiff's pain was exacerbated by his foot swelling in undersized boots he was issued when he arrived at RJD. (*See id.*) Although the context is unclear, Plaintiff also alleges that Defendant Colon "threat[ened] to carry out harm to [Plaintiff] . . . ." (*See id.*)

Plaintiff subsequently filed several administrative grievances regarding his job assignments, the equipment he was issued, and the incident in which he was injured. (*See id.* at 6.) Plaintiff alleges that Defendant Colon and Defendant Wardrope retaliated against him for pursuing these grievances. (*See id.*) Defendant Colon "was making threats of violence and harm or retali[a]tory actions upon [Plaintiff]" and "fabricated write ups . . . ." (*See id.* at 10-11.) Defendant Wardrope, who "investigate[d] [Plaintiff's] 602 appeal . . . against C.D.C.R. and corrections kitchen staff" allegedly "supplied a false document into the investigation . . . by providing a medical document of [another inmate]," which caused Plaintiff's injuries to be deemed not work related. (*See id.* at 8, 11.) Plaintiff alleges that Wardrope is liable for "conspir[ing] to provide false documentation in deliberate indifference and is also responsible for training his staff inmates and proper P.P.E. and training, creating an unsafe work environment, and due process violation of [Plaintiff's] 602." (*See id.* at 11.)

Plaintiff alleges that Defendants' actions violated his First, Eighth, and Fourteenth Amendment rights. (*See generally id.* at 6, 9-11.) In addition to compensatory and punitive damages, Plaintiff seeks an injunction preventing Defendants from taking "retali[a]tory actions on [Plaintiff] and [requiring] that C.D.C.R. provide steel toe boots and proper P.P.E. and proper training in work areas." (*See id.* at 13.) Defendants Colon and Wardrope are named as parties in both their individual and official capacities. (*See id.* at 2-3.)

**B. Procedural History**

The Court granted Plaintiff's Motion to Proceed IFP and screened his Complaint pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A, dismissing Plaintiff's claims against the California Department of Corrections and Rehabilitation, California Correctional Health Care Services, and a doctor, Erica Goyal. (*See* ECF No. 5, at 11.) The Court also found that Plaintiff's Complaint stated claims against Defendants Colon and Wardrope that were "sufficient to survive the 'low threshold' set for sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b)." (*See id.* at 10

1 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).) Defendants Colon and Wardrope, having been served with Plaintiff's Complaint, now move to dismiss some, but not all, of the claims against them. (*See generally* ECF No. 7, at 2; *see also* ECF Nos. 12, 13.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.) However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."))); *see also Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determining whether the complaint states a claim for relief).

1     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cnty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

### III.   Discussion

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

1  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030,
2  1035-36 (9th Cir. 2015).
3      Plaintiff's Complaint is not neatly divided into individual counts asserting single
4  causes of action based on a specific constitutional right. Rather, Plaintiff asserts at
5  various points that Defendants Colon and/or Wardrope were deliberately indifferent to
6  Plaintiff's medical needs or otherwise violated the Eighth Amendment's prohibition of
7  cruel and unusual punishment, violated Plaintiff's rights under the due process clause of
8  the Fourteenth Amendment, or violated the First Amendment either by infringing
9  Plaintiff's freedom of association or by retaliating against Plaintiff for filing
10 administrative grievances. (*See generally* Compl. at 4-6, 9-11.)
11     Defendants' motion focuses on two of the constitutional rights Plaintiff alleges
12 were violated: the First Amendment right to freedom of association and the Fourteenth
13 Amendment right to due process. (*See* ECF No. 7, at 6-8.) Additionally, Defendants
14 contend that they are immune from claims for damages for acts taken in their official
15 capacities pursuant to the Eleventh Amendment. (*See id.* at 8.) The Court will address
16 each of these issues in turn.

### A. Freedom of Association

As mentioned, Plaintiff's Complaint alleges that Defendants violated his First Amendment right to freedom of association. Defendants point out in their Motion that it is not clear which, if any, of the facts alleged support such a claim. (*See* ECF No. 7, at 6-7.) In his Opposition to Defendants' Motion, Plaintiff explains that he "does not oppose the dismissal of Count #1 of the complaint, namely Freedom of Association Claim." (ECF No. 9, at 1 (errors in original).) Accordingly, this portion of Defendants' Motion is **GRANTED**, and Plaintiff's freedom of association claim is dismissed in its entirety and without leave to amend.

### B. Due Process

Like Plaintiff's freedom of association claim, it is not entirely clear from the face of the Complaint what actions by Defendants allegedly violated Plaintiff's due process

1  rights.  Unlike the freedom of association claim, however, Plaintiff opposes Defendants'
2  Motion, clarifying that the alleged due process violations occurred as part of Defendant
3  Wardrope's involvement in an administrative appeal Plaintiff filed regarding the incident
4  in which he was injured.  (*See id.* at 4.)   Plaintiff alleges that he provided medical
5  documents to Defendant Wardrope, who "purposely did not/refused to review the
6  provided current medical documents," and that these documents were appropriately
7  considered in the grievance process pursuant to state regulations.  (*See id.* at 4-5 (citing
8  15 Cal. Code Reg. §§ 3084.1-3084.3).)  Additionally, Plaintiff seemingly argues that
9  delays in the grievance process and Defendant Wardrope's attachment of another
10 inmate's medical documents to Plaintiff's appeal, which resulted in the appeal being
11 denied, also violated his due process rights.  (*See id.* at 5-6, 10.)  Defendants contend that
12 these facts do not give rise to a due process claim because they arose in the context of the
13 administrative grievance process.  (*See* ECF No. 7, at 8 ("Since [Plaintiff] does not have a
14 claim of entitlement to a grievance procedure, he cannot maintain a constitutional claim
15 because of delays in pursuing such grievances." (citing *Ramirez v. Galaza*, 334 F.3d 850,
16 860 (9th Cir. 2003)).)

17       The due process clause of the Fourteenth Amendment provides that "[n]o state
18 shall . . . deprive any person of life, liberty, or property, without due process of law." U.S.
19 Const. amend. XIV, § 1.  To state a claim for violations of procedural due process, Plaintiff
20 must allege "'(1) a liberty or property interest protected by the Constitution; (2) a
21 deprivation of the interest by the government; [and] (3) lack of process.'"  *See Wright v.*
22 *Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995
23 F.2d 898, 904 (9th Cir. 1993)).

24       Plaintiff's due process claims must be dismissed because California inmates do not
25 have a free-standing due process right to any particular administrative grievance process.
26 *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate
27 constitutional entitlement to a specific prison grievance procedure."); *see also Mann v.*
28 *Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to

a grievance procedure."); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only; it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."). "Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns," *Arellano v. Sedighi*, No. 3:15-cv-02059-AJB-BGS, 2016 WL 4430851, at *4 (S.D. Cal. Aug. 22, 2016), and inmates do not have a constitutional "right to have [their] grievances processed or decided in a particular manner." *Seely v. Gibbons*, 548 F. App'x 502, 503 (9th Cir. 2013).

For these reasons, other courts have dismissed due process claims that, like those asserted by Plaintiff in this case, are based on prison officials' failure to consider certain evidence or to appropriately investigate inmates' allegations in administrative grievances or appeals. *See, e.g.*, *Mitchell v. Schwarzenegger*, No. 2:09-cv-3012 JAM KJN P, 2011 WL 4928625, at *11 (E.D. Cal. Oct. 17, 2011) ("Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for violation of his due process rights based on allegations that prison officials failed to view [alleged evidence] or to properly investigate plaintiff's claims."), *report & recommendation adopted as modified*, 2012 WL 366570 (E.D. Cal. Jan. 31, 2012); *Denham v. Aranda*, No. 09-cv-1505-JLS (WVG), 2010 WL 2573207, at *11 (S.D. Cal. May 3, 2010) (dismissing due process claims based on, among other things, "inability to submit further information" in support of administrative appeal).  The state regulations that Plaintiff cites in his Opposition "grant prisoners in state prisons a purely procedural right: the right to have an administrative appeal.  The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards . . . ." *Balzarini v. Schwarzenegger*, No. C 07-2800 MHP (pr), 2007 WL 2778916, at *3 (N.D. Cal. Sept. 21, 2007) ("An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount

to a violation of [the plaintiff's] right to due process."). As a result, Plaintiff cannot state a due process claim for Defendant Wardrope's allegedly mishandling of the investigation of Plaintiff's grievance, or his failure to respond promptly to Plaintiff's grievance.

Accordingly, Defendants' Motion to Dismiss Plaintiff's due process claim is **GRANTED**.[1]  Because there are no additional facts that could cure these deficiencies, the dismissal is without leave to amend. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

### C. Official Capacity

The final part of Defendants' Motion asserts that Plaintiff's claims for monetary damages against Defendants in their official capacities must be dismissed as barred by the Eleventh Amendment. (*See* ECF No. 7, at 8.)  Although Plaintiff opposes this argument, his opposition does not cite any legal authority suggesting that the Eleventh Amendment does not apply to his damages claims against Defendants in their official capacities. (*See* ECF No. 9, at 8 ("Defendants[] . . . claim to be immune from damages in their Official Capacity, yet, each Defendant was fully aware of the illegal action(s) they were taking . . . in their Official Capacity . . . .").)

To the extent Plaintiff seeks damages, he may not do so in claims against Defendants in their official capacities.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  As a result, Defendants are entitled to immunity from suit for monetary damages in their official capacities under the Eleventh Amendment.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996). Consequently, Defendants' motion to dismiss Plaintiff's official capacity damages claims

---

[1] To the extent Plaintiff's remaining claims against Defendant Wardrope are based upon the same facts as his due process claim, Defendants have not moved to dismiss those claims. As a result, these claims are not dismissed and will continue.

is **GRANTED**.  *See id.*; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Like Plaintiff's due process claim, no additional facts could cure the deficiencies in Plaintiff's official capacity damages claims.  As a result, these claims are dismissed without leave to amend.  *See Gonzalez* 759 F.3d at 1116.

Nonetheless, as noted previously, Plaintiff seeks both injunctive relief and damages in this case. (*See* Compl. at 13.)  To the extent Plaintiff asserts official capacity claims for injunctive relief, those claims were not the subject of Defendants' Motion.  (*See* ECF No. 7, at 8 (contending that Plaintiff's "*monetary claims* against all Defendants in their official capacities must be dismissed." (emphasis added).)  Accordingly, Plaintiff may continue pursue his official capacity claims only to the extent he seeks prospective injunctive relief against Defendants.  *See Will*, 491 U.S. at 71, n.10 ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State." (quoting *Graham*, 473 U.S. at 167 n.14) (internal quotation marks omitted)).  Additionally, aside from the freedom of association and due process claims dismissed above, Plaintiff's damages claims against Defendants in their individual capacities also may continue.

### IV. Conclusion

For the reasons set forth, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's freedom of association, due process, and official capacity damages claims.  (*See* ECF No. 7.)  Because the Court finds that granting leave to amend would be futile, these claims are **DISMISSED** without leave to amend.  *See Gonzalez* 759 F.3d at 1116.

**IT IS SO ORDERED**.

Dated:  April 27, 2021

Hon. Anthony J. Battaglia
United States District Judge